# Ely *versus* Wren.

1. When a special security and remedy are given to a favored class of
creditors, they must conform with reasonable accuracy to the provisions of the
law designed for their benefit.

2. Where a claim is filed, under the provisions of the Act of February
17th 1858, extending the Mechanics' Lien Law in certain counties to certain
improvements, engines, &c., put up by tenants of leased estates on lands of
others, the property against which the lien is given must be so accurately
described, that when judgment is obtained on the scire facias a separate
schedule will not be required to be annexed to the levari facias for the
guidance of the sheriff.

3. *It seems*, that it was informal to enter judgment against the defendants
personally in such a proceeding; but if there was no other difficulty in the
way this might be treated as amended.

4. St. Clair Coal Co. *v.* Martz, 25 P. F. Smith 384, followed.

April 3d 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON,
PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Carbon county :*   Of
January Term 1879, No. 203.

Scire facias sur mechanics' lien issued by W. C. Wren against
E. B. & S. W. Ely.

On February 12th 1876, William C. Wren filed a mechanics'
lien under the Act of February 17th 1858, Pamph L. 29, the
provisions of which were extended to the county of Carbon by the
Act of April 4th 1868.   The Act of 1858 provides as follows:
"That the several provisions of an act, entititled 'An act relating
to the liens of mechanics and others upon buildings,' approved the

[Ely *v.* Wren.]

16th of June 1836, and the several supplements thereto, are hereby extended to all improvements, engines, pumps, machinery, screens and fixtures erected or put up by tenants of leased estates, on land of others, in the counties of Luzerne and Schuylkill, and to all mechanics, machinists and material men doing work or furnishing the articles or materials therefor : provided, that the lien hereby created shall extend only to the interest of the tenant or tenants, lessee or lessees therein, and to the improvements, engines, pumps, machinery, screens and fixtures erected, repaired or put up by the mechanics, machinists, persons or material men entering liens thereon."

The claim filed by Wren was "for a debt due to him for work done and material furnished by him for and about the erection and construction, and upon the credit of improvements, engines, pumps, machinery, screens and fixtures put up or erected by E. B. Ely & Co., tenants of leased estate on land of another in the said county of Carbon."

He claimed a lien under the provisions of the above act against said improvements, engines, pumps, machinery, screens and fixtures erected or put upon the aforesaid leasehold estate of E. B. Ely & Co. and the interest of said E. B. Ely & Co., tenants, in and to the said improvements, engines, pumps, machinery, screens and fixtures, and their interests in and to so much other improvements, engines, pumps, machinery, screens, fixtures, &c., immediately adjacent thereto, as may be necessary for the ordinary and useful purposes thereof.

Appended to the claim was a schedule entitled, "List of machinery on premises of E. B. Ely & Co." Certain articles of machinery in this list had the name of the claimant written opposite to them, and in a few instances there was added to the name a memorandum of articles and materials.

On April 30th 1877, judgment was entered against the defendants for want of an affidavit of defence, the amount of the debt to be ascertained by the prothonotary. On the same day the prothonotary ascertained said amount to be $7473.99. On this judgment a fi. fa. issued, which was afterwards stayed. In May 1877, a levari facias issued, attached to which was a copy of the list of the machinery contained in the claim. On June 12th 1877, the defendants presented a petition, sustained by an affidavit, to open the judgment and stay the levari facias, on which a rule *nisi* was granted. This rule was subsequently discharged, and on August 6th 1877, judgment was entered for plaintiffs in the sum of $6037.05. On this judgment an alias levari facias issued, attached to which was a list of machinery, but in said list was included only a part of the machinery contained in the original claim.

The defendants took this writ and assigned for error the entry of

[Ely *v.* Wren.]

the original judgment "against defendants," for want .of an affi-davit of defence, and the subsequent entry of judgment for a reduced amount.

*J. Bertolette* and *James E. Gowen*, for .plaintiffs in error.—It was erroneous to enter judgment against the defendants *personally.* The claim was not in compliance with the Act of 1858.

It was defective because it was filed against the improvements, engines, &c., and not against the interest of E. B. Ely & Co. therein, and because the claim is filed against a large number of articles upon which no work was done and to which no materials were furnished, and is not confined to the specific improvements upon which work was done or to which materials were furnished.

The Act of 1858, while it gives a lien to mechanics and others upon improvements, engines, &c., erected by tenants of leased estates, yet provides that the lien thereby created "shall extend only to interest of the tenant or tenants, lessee or lessees therein, and to the improvements, engines, pumps, machinery, screens and fixtures erected, repaired or put up by the mechanics, machinists, persons or material men entering liens thereon."

In other words, it confines the lien to the interest of the tenants in the specific improvements and machinery upon which the labor and services were bestowed.: Summerville *v.* Wann, 1 Wright 184; Esterley's Appeal, 4 P. F. Smith 192; Carey *v.* Wintersteen, 10 Id. 395; St. Clair Coal Co. *v.* Martz, 25 Id. 384.

The claim furnished no sufficient data for the entry of any judg-ment. It was the duty of the plaintiff to designate with reasonable precision the subject of his claim.

*H. Green*, for defendant in error.—Whether the judgment was entered against the defendants generally, or whether it was so entered as to be a judgment *in rem* only is certainly no ground for reversal. It could be entered correctly in this court if necessary to be changed.

The objection to the lien on the ground of uncertainty is too technical, especially after judgment. The very words of the statute expressly give a lien not only against the improvements, engines, pumps, machinery, &c., but also against the interest of the tenants therein.

The claim of lien upon so much of the immediately adjacent machinery as is necessary for the ordinary and useful purposes of the machinery, &c., put in by the claimant, does not seek to charge any other machinery than such as is directly connected with that furnished by the plaintiff, so as to be incapable of separation from it. If we undertake to sell any articles which the defendants can show are not subject to our lien, they can easily restrain us by injunction, or order, upon direct application to the court.

[Ely *v.* Wren.]

It would, of course, be impossible for the claimant to follow each bolt and nut and plate and other article furnished into the particular piece of machinery in which it was used, nor does the act require any such minuteness of detail. The items furnished were very numerous.

Even if the writ of alias levari facias were erroneous by reason of too much generality, that would be no cause for reversing the judgment, and it would certainly not be a matter of complaint by the defendants, if we are careful to restrict, by a schedule, the operation of the writ to those things only which are certainly bound by our lien. It is certainly not error to sell the articles of machinery themselves, and also the interest of the defendants therein, when the statute expressly gives such a right.

Mr. Justice STERRETT delivered the opinion of the court, May 5th 1879.

The record in this case presents a series of irregularities and errors, some of which are fatal to the lien. When a special security and remedy are given to a favored class of creditors it is not asking too much to require them to conform with reasonable accuracy to the provisions of the law designed for their benefit. If this is done, unnecessary complications, involving disinterested parties in litigation and imperilling the rights of creditors and others may be avoided. The property against which the lien is given should be so accurately described that when judgment is obtained on the scire facias, the writ of levari facias, following the claim, may so designate the property and extent of the interest therein to be sold, that a separate schedule will not be required for the guidance of the sheriff.

The plaintiff below undertook to file a lien under the Act of February 17th 1858, entitled, "An Act relative to Mechanics' Liens in the counties of Luzerne and Schuylkill," which extends the provisions of the Mechanics' Lien Law "to all improvements, engines, pumps, machinery, screens and fixtures, erected or put up by tenants of leased estates on land of others in the counties of Luzerne and Schuylkill, and to all mechanics, machinists and material-men doing work or furnishing the articles or materials therefor." This act was subsequently extended to Carbon county. By the express terms of the proviso, the lien thereby "created shall extend only to the interest of the tenant or tenants, lessee or lessees therein, and to the improvements, engines, pumps, machinery, screens and fixtures, erected, repaired or put up by mechanics, machinists, persons or material-men entering liens thereon." The lien is thus limited to the interest of the tenants in the specific improvements and machinery upon which the services and labor are bestowed or for which materials are furnished: St. Clair Coal Co. *v.* Martz, 25 P. F. Smith 384.

[Ely *v.* Wren.]

From the statement in this case it appears that the claim was filed against the "improvements, engines, pumps, machinery, screens and fixtures erected or put up on the aforesaid leasehold estate of E. B. Ely & Co. and the interest of E. B. Ely & Co., tenants, in and to the said improvements, engines, pumps, machinery, screens and fixtures, and their interest in and to so much other improvements, engines, pumps, machinery, screens and fixtures, &c., immediately adjacent thereto, as may be necessary for the ordinary and useful purposes thereof." The claim was thus filed not only against the interest of E. B. Ely & Co., in the improvements, engines, &c., but against the improvements, engines, &c., themselves; and also against a number of undefined structures and articles adjacent thereto, upon which it is not claimed that any work was done, or for which any materials were furnished by the claimants. It was not confined, as the act provides, to the specific improvements upon which the work was done, or for which materials were furnished. Appended to the claim is a schedule, entitled, "list of machinery on premises of E. B. Ely & Co." Presumably this was intended to designate all the machinery on the leasehold premises. Certain articles of machinery in the list have the name of the claimant written opposite them, and in a few instances there is added to the name a memorandum of articles and materials. From this it might possibly be conjectured that the claimant performed work upon or furnished materials for the machinery thus designated by his name; and, where particular articles are mentioned in the memoranda attached to his name, it might perhaps be inferred that the specific articles were furnished; but, after all, it would be only a matter of inference or conjecture. There is an entire absence of that certainty and precision which should characterize a statement that forms the basis of a special lien, which, if not otherwise satisfied, is designed to be enforced by a judicial sale, resulting in a transfer of title. The proceeding is *in rem*, and the claim should be so certain and definite as to indicate with at least reasonable precision the property that is to be subjected to the lien, and the extent thereof. Without this it fails to furnish sufficient data for the entry of a judgment upon which the levari must issue for the sale of the property. In this case the claim as filed was incurably defective, and wholly insufficient to justify the court in entering judgment for want of an affidavit of defence. There was no act done or omitted to be done by the defendants below that could have the effect of waiving these defects. Their failure to file an affidavit did not do so. It was, of course, informal to enter judgment against the defendants personally, in such a proceeding; but if there was no other difficulty in the way, this might be treated as amended.

The judgment is reversed and set aside, and it is now ordered that the lien be stricken from the record.